P. R. WALSH TIE & TIMBER COMPANY, Appellant v. CHESTER, PERRYVILLE & STE. GEN
    EVIEVE RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals.   Submitted on Briefs May 7, 1914.·
        Opinion Filed June 2, 1914.

1. SALES: Bona-Fide Purchase from Pretended Owner: Rights
    of Real Owner.   A purchase of personal property from one
    who is not the owner furnishes no protection to the buyer, as
    against the real owner, even though the buyer bought in good
    faith for value, believing the seller was the owner, and under
    such circumstances that a person of ordinary care would have
    so believed, for, unless the property was divested from the owner
    by a valid sale or transfer, it would still belong to him, in whatever innocent hands it might subsequently come.

2. ——————: ——————: ——————: Instructions: Cure by Other Instructions. In an action for conversion, *held* that the error in instructing that plaintiff could not recover, if defendant bought the goods alleged to have been converted, in good faith and for value, from another person, believing he was the owner, was not cured nor rendered harmless by other instructions given in the case.

Appeal from Cape Girardeau Court of Common Pleas. —*Hon. R. G. Ranney,* Judge.

REVERSED AND REMANDED.

*O. L. Munger, Jas. F. Lindsay* and *Ely, Kelso & Miller* for appellant.

The court erred in giving defendant's instruction number 7. Wilson v. Crocket, 43 Mo. 216; Bowles v. Lewis, 48 Mo. 32; Kloes v. Wurnser & Lewis, 34 Mo. App. 457.

*Giboney Houck, Lane & Alexander* and *Davis & Hardesty* for respondent.

The instructions are free from error. State ex rel. Redman v. Durant, 53 Mo. App. 496; Steward v. Nelson, 79 Mo. 524; Live Stock Com. Co. v. Hunter, 91 Mo. App. 418.

REYNOLDS, P. J.—This is an action by plaintiff for the value of a lot of ties charged to be of the property of plaintiff and unlawfully converted by defendant.

The amended answer, after a general denial, pleaded two special defenses. First, a defense at common law, to the effect that defendant had bought the ties of one Dreesen and paid him therefor in good faith, believing Dreesen to be the owner thereof; that plaintiff had knowingly clothed Dreesen with all the indications and appearances of absolute ownership of

the ties and for an unreasonable length of time had negligently omitted to take the ties into his possession and negligently permitted Dreesen to be and remain in possession of the property, to ship the same in his own name and to sell part of the same to defendant and part of them to others, and had clothed him with all the appearances and indications of ownership, wherefore, defendant pleaded that plaintiff is estopped from now asserting ownership in the ties as against defendant, the purchaser, for value, in good faith and without notice of plaintiff's claim.

The second affirmative defense is under the statute concerning fraudulent sales. [R. S. 1909, Sec. 2882.] Averring that if plaintiff ever acquired the ownership of these ties, it acquired them by a sale from Dreesen, as vendor, to plaintiff, as vendee, and that as to defendant, the subsequent purchaser in good faith and for value, the sale from Dreesen to plaintiff was void, not having been accompanied by delivery within a reasonable time, regard being had to the situation of the property, or followed by an actual and continued change of possession.

Plaintiff demurred to this amended answer generally, and specially to these affirmative defenses. The demurrer being overruled, plaintiff filed a reply denying each and every allegation of new matter contained in the answer.

There was a trial before the court and a jury which resulted in a verdict in favor of defendant, from which plaintiff, interposing a motion for new trial, as well as one in arrest, has appealed to this court.

Several errors are assigned, but in the view we take of the case it is necessary to notice but one and that relates to giving an instruction, numbered 7, at the instance of the defendant. That instruction is as follows:

"If the jury find and believe from the evidence that defendant in good faith and for value bought any

of the ties in question from T. J. Dreesen in the belief that such ties were actually owned by him and under such facts, circumstances and conditions as would have caused a person of ordinary care, prudence and experience in the tie business to believe that such ties were the property of said Dreesen, then as to such ties so bought there can be no recovery.''

Our Supreme Court long ago announced in Wilson v. Crockett, 43 Mo. 216, l. c. 218, following Story on Sales, section 188, Perkins' Edition, ''that the general rule is, that the subject of sale must belong to the vendor, and that he can sell no more than the interest which he legally possesses. If, therefore, he sell an article not belonging to him, whether it was obtained by theft, or finding, or by any other means, without consent of the owner, the person whose property it is may claim restitution thereof from the hands of the vendee, although it be sold and purchased bona fide and for a valuable consideration; for, unless the property were divested from the original owner by a legal and valid sale or transfer, it would still remain his property, in whatever innocent hands it might subsequently come.''

This rule has never been departed from in our jurisprudence. It is generally recognized all over the United States. [See Williams v. Merle, 11 Wendell, 80, and 25 Am. Dec. 604, and notes.] It is true that the trial court gave other instructions covering the issue made by the answer and gave them correctly. But this seventh instruction is so flagrantly erroneous, that we cannot overlook it, and we cannot say that in the light of the evidence and of the other instructions, giving it was harmless error. That is the only reversible error in the case.

The judgment is reversed and the cause remanded. *Nortoni* and *Allen, JJ.,* concur.